By
the Court.
The issue joined in this case is, whether the defendant is guilty of converting to his own use the plaintiff’s property. The former offers to shew that he is the person who, at present, has the right both of possession and of property; and it is clear upon the evidence adduced, that the plaintiffs had neither, when the defendant obtained possession of the slave.
Possession alone, will enable a person to maintain an action of trespass against a stranger; and then, damages are given for the tortious taking; all claim to which is waved, by bringing an action of trover. It is a fundamental distinction, between the two actions, that the one is founded in property; the other, in possession: and it is necessary to attend to this, because a recovery in trover, vests the property sued for, in the defendant. Hence if the general property be in one person, and the special property in another; a recovery in trover, by the latter against a stranger, will deprive him who has the general property, of his right of action.
But a recovery in trespass is not a bar to an action of trover, unless the property has come in question, and has been decided on; for though trover will lie in all cases where trespass will; yet the latter may be brought in certain cases, where trover will not lie. In the present case, for example, the plaintiff might have maintained trespass against *154 the defendant, who was a wrong-doer in disturbing the possession; but an action fitted for disputing and trying the right, is improper, where the alledged injury is to the possession only.
2 Bulst. 135. 2 Mod. 319. 320. 2 Roll’s Abr. 569. P pl. 5. 7 Term Rep. 9.
Haywood for the Plaintiff.
Duffy for the defendant.
Whenever it is said in the books, that possession alone gives a sufficient right to maintain trover against all persons except the true owner; it is to be understood, as I conceive, of a possession accompanied, either with a general or special property; whether the latter be acquired by finding or by a bailment from the true owner. For while the true owner is unknown, the finder of a chattel is apparently the owner, since the means by which he acquired it are lawful; and the owner’s consent to his possession, may be implied: but that, in an action of trover, by the finder against a stranger, evidence is admissible that the ownership is in a third person who does not consent to the plaintiff's action, appears to me perfectly consonant with the principles upon which this action is founded. And it is held, in some late adjudications, that the right of present possession, as well as that of property, is necessary to maintain the action of trover.—For these reasons I think the evidence is proper to be received in connection with the proof that the slave belonged to John Vernon’s estate.
Evidence admitted.